FINN ET AL. *v.* STATE OF INDIANA, EX REL. McDANIEL.

[No. 9,102.   Filed November 9, 1916.   Rehearing denied May 31, 1917.   Transfer denied January 16, 1918.]

MUNICIPAL CORPORATION.—*Member of Common Council.—Interest in Contracts with City.—Statute.—Scope.*—Section 8648 Burns 1914, Acts 1907 p. 538, providing that no member of the common council of any city or incorporated town shall, either directly or indirectly, be a party to or in any manner interested in any contract or agreement with such city for any matter by which any indebtedness is created or approved by the council, and that such contract shall be absolutely void, does not apply to contracts between a general contractor and a materialman, hence the fact that a materialman was a member of a common council of a city when bids were accepted for a public improvement did not defeat his recovery for materials furnished in a suit on a bond given to secure the performance of the contract, the bond in terms inuring to the benefit of materialmen.

From Monroe Circuit Court; *Robert L. Miller,* Special Judge.

Action by the State of Indiana, on the relation of Lucian C. McDaniel against William J. Finn and the Federal Union Surety Company. From a judgment for relator, the defendants appeal. *Affirmed.*

*Henley & Baker, Henley, Fenton & Joseph* and *Rufus H. East,* for appellants.

*Joseph E. Henley* and *George Henley,* for appellee.

IBACH, J.—This is an action on a bond brought by the relator against appellants to recover for materials furnished appellant Finn, general contractor, in the improvement of a certain street in the city of Bloomington, Indiana.

The defense set up in appellant Federal Union Surety Company's third and fourth paragraphs of answer is based on an act of 1907, Acts 1907 p. 538, §8648 Burns 1914, which is in part as follows: "No

member of the common council  *  *  *  of any city
or incorporated town of this state, shall, either
directly or indirectly, be a party to or in any man-
ner interested in any contract or agreement, either
with such city or incorporated town, or with any
officer, board, clerk, deputy or 'employe of such city
or incorporated town, for any matter, cause or thing
by which any liability or indebtedness is in any way
or manner created or passed upon, authorized or
approved by such council  * . *  *  or by any mem-
ber thereof.  *  *. *  Any contract in contraven-
tion of the foregoing provisions shall be absolutely
void.''

As above indicated, this is not a suit on the prin-
cipal contract, nor a suit to recover from the city,
but is a suit on the bond given to secure the perform-
ance of such contract, which bond by its provisions
also inured to the benefit of materialmen.   Each of
said paragraphs of answer shows, and for the pur-
poses of demurrer must be admitted, that the relator
was a member of the common council of said city at
the time the resolution was passed and bids accepted
for the improvement, and was still a member at the
time the improvement was finally approved; that
this action is to recover the balance due on material
furnished by the relator to the general contractor
and used in the performance of the principal con-
tract.

The appellant surety company contends that such
facts bring the relator clearly within the provisions
of said statute, and by reason thereof he should not
recover.   On the other hand, appellee contends that
the statute does not apply to the facts of this case.

These contentions present the controlling question

involved in the appeal: Did the legislature in enacting such statute intend it to include contracts between the general contractor and materialmen? It appears to be limited to "any contract or agreement, either with such city or incorporated town, or with any officer, board, clerk, deputy or employe of such city or incorporated town, for any matter, cause or thing by which any liability or indebtedness is in any way or manner created or passed upon." By the language used the legislature has eliminated city officials not parties to, connected with, or interested in the original contract made with the city by other parties, but who simply furnished materials in the regular way to such general contractor, and no rule of construction would permit its being read into the statute. *Cleveland, etc., R. Co.* v. *Henry* (1907), 170 Ind. 94, 104, 83 N. E. 710; *Indianapolis, etc., Traction Co.* v. *Brennen* (1909), 174 Ind. 1, 87 N. E. 215, 90 N. E. 65, 68, 91 N. E. 503, 30 L. R. A. (N. S.) 85. It follows that appellant has not shown facts to bring it within the protection of the statute, and for this reason the court did not err in sustaining the demurrer to the third and fourth paragraphs of answer.

As to whether the contract in question was against public policy, we express no opinion, the question presented being limited by appellant's brief to the statute.

The cases cited by appellant and by appellees, either by reason of the particular statutes under which they were decided or because not involved in the question here presented, are not cited or reviewed.

No available error being shown, the judgment is affirmed.

NOTE.—Reported in 114 N. E. 9. See 28 Cyc 650.