STATE EX REL. PURCELL, PROSECUTING ATTORNEY *v.* CIRCUIT COURT OF SULLIVAN COUNTY ET AL.

[No. 28,658. Filed June 13, 1950.]

*James Watson,* Deputy Attorney General, and *John K. Purcell,* of Sullivan, for relator.

*Clarence R. Martin,* of Indianapolis, and *Earl S. Cummings,* of Sullivan, for respondents.

STARR, J.—This is an original action wherein the relator, John K. Purcell, as Prosecuting Attorney for the 14th Judicial Circuit, is seeking a writ of prohibition against the respondent, Norval K. Harris, as Judge of the Circuit Court of Sullivan County. The relator has also made parties respondent the Circuit Court of Sullivan County and one Earl S. Cummings.

The relator's petition, after showing that he is the Prosecuting Attorney for said district and said Harris is Judge of said court, alleges that said respondent judge did, on the 20th day of March, 1950, issue on his own motion an order in open court by the terms of which the Clerk of said court was ordered to subpoena the Grand Jury for said county, who had theretofore been duly empaneled, to convene on March 27, 1950, to perform their duties as such grand jurors. Said order contained the following further provision: "And the court being duly advised now appoints Earl S. Cummings, a reputable attorney of this Bar, as special prosecuting attorney to assist the Grand Jury, for the reason that the regular prosecuting attorney's conduct of his office will be investigated by the Grand Jury by the order of this court." Said petition further alleges that the said respondent judge entertains a personal bias and animosity towards the relator and that no proceedings or charges of any kind have ever been pending against said relator as a basis to invoke such action of so appointing a special prosecutor, nor has there been any request for such action on the part of the Grand Jury, nor is there or has there ever been a petition to said respondent judge requesting that he make such appointment, nor has the respondent judge ever given notice to the relator that he so intended to make such appointment or given said relator the opportunity to be heard in said matter, but that on the contrary the

action of the said respondent judge was solely on his own motion without any request for the same by the relator or by any other constituted authority. The relator in said petition further alleges that such actions of said respondent judge have resulted, and will continue to result, in interfering with the proper performance by the relator of his official duties, and will tend to result in improperly coercing and interfering with said Grand Jury in its duties in the investgation of any matters relating to the conduct of said relator and in determining in its own discretion whether there has been any misconduct on the part of said relator.

Upon the filing of this petition on March 22, 1950, a temporary writ of prohibition was issued wherein the respondent judge, along with the other respondents, was ordered until further order of this court "to refrain forthwith from attempting to exercise any further jurisdiction herein, or from in any way enforcing or complying with the said orders of said Circuit Court of Sullivan County, Indiana, and of the said judge thereof; and from attempting in any way to perform any of the official duties of this relator, and from in any way interfering with his performance therewith; and from in any way interfering with, coercing or influencing the Grand Jury of said Sullivan County, Indiana, in the performance of any of its official duties; all until the return of and to this writ and the further order of this court herein."

In due course the said Harris, as Judge, filed his response herein. Omitting all legal conclusions the substantial allegations of fact therein are: That numerous citizens of Sullivan County have complained to him concerning the immoral and licentious conduct of the relator and also concerning relator's criminal conduct of the office of prosecuting attorney, and that respondent "has judicial knowledge of relator's malicious,

vicious and unlawful conduct of his office as prosecuting attorney." That his order appointing the said Earl S. Cummings as special prosecutor was not made on Monday, March 20, 1950, but on Wednesday, March 22, 1950. That the relator has been guilty of wilful and corrupt misconduct in his office as prosecuting attorney and has been guilty of extortion as such prosecutor, and has violated the criminal laws of this state as an individual. The respondent admits that he has a personal bias and animosity towards the relator which he alleges "is only natural after said relator as a tool of unscrupulous politicians, maliciously caused said Harris to be indicted for forgery, embezzlement and issuing fraudulent checks by an illegal Grand Jury, and when said Purcell knew said charges to be false," and that he "desires an honest, fair and impartial investigation of the official and unofficial conduct of said relator, and that said relator has already discredited, embarrassed and hampered himself by his incompetence as prosecuting attorney and by his immorality and 'Peeping Tom' activities as an individual."

From the foregoing petition and the response thereto it appears that the respondent judge is now attempting to institute an investigation of relator's official and private conduct merely upon his *ex parte* motion based upon suspicion or rumor and without judicial determination of the facts of disqualification or probable cause for the appointment of a special prosecutor. From all the facts as disclosed it would appear to us that the said respondent judge is not acting judiciously but is attempting to hold an inquisition. Not only is he attempting to be an investigator, but by his own admission he is biased and prejudiced against the relator. Knowing and appreciating this state of mind, it seems to us that the said respondent judge should not attempt to preside over a matter of this

sort involving the relator. Had there been an orderly examination into the question as to whether a special prosecutor was necessary it would seem to us that the first thing that the respondent judge should have done would have been to challenge himself as wholly incompetent to preside over such inquiry due to his prejudice and bias against the relator.

In making the foregoing observation we are aware of the fact that the trial court has the right to appoint a special prosecutor at any time the regular prosecutor becomes incapacitated due to the fact that he is a party to any litigation or if he for any other reason becomes disqualified. The record herein does not disclose such a situation. See *State ex rel. Spencer* v. *Criminal Court, Marion Co.* (1938), 214 Ind. 551, 15 N. E. 2d 1020, 16 N. E. 2d 888.

It is a fact, as disclosed by the response, that the order appointing the said special prosecutor was not made until the day upon which this action was started. From the evidence in this case, however, we have learned that the respondent judge did, as alleged in the petition herein, on March 20, 1950, in open court announce that he was recalling the Grand Jury for March 27, 1950, and that he was appointing the said Earl S. Cummings as special prosecutor to assist the Grand Jury for the reason that the regular prosecuting attorney would be investigated by reason of the order of the court. Also, at the same time the court ordered on his minute book, sometimes called the bench docket, minutes giving effect to this announcement. These minutes are in words as follows:

"BE IT REMEMBERED, That on the 20th day of March, 1950, the same being the 25th judicial day of the February Term, 1950, of the Sullivan Circuit Court, begun, held and continued at the Court House in Sullivan, commencing on Monday,

the 20th day of February, 1950, before the Honorable Norval K. Harris, Judge of said Court the following proceedings were had in the cause of

IN THE MATTER OF THE CONVENING OF THE GRAND JURY.

The Court on its own motion orders the Clerk of this Court to issue subpoenas to the Sheriff of Sullivan County, Indiana, calling the duly empaneled members of the Grand Jury, for this term to assemble and convene on Monday, March 27, 1950, at 10 o'clock A.M., to perform their duties as such Grand Jurors.

And the Court being duly advised now appoints Earl S. Cummings a reputable attorney of this Bar as Special Prosecuting Attorney, to assist the Grand Jury for the reason that the regular Prosecuting Attorney's conduct of his office will be investigated by the Grand Jury, by order of this Court."

We also find from the evidence that on March 22, 1950, at or about the time the relator presented his said petition in this court, that the respondent judge, again on his own motion, struck from said minutes of March 20, 1950, that portion of the same which relates to the appointment of said Earl S. Cummings as special prosecuting attorney, and after he had heard the rumor that the relator was so applying for a writ of prohibition caused to be entered in the order book of his said court the following order:

"On the 22nd day of March, 1950, the same being the 27th Judicial Day of the February Term, 1950, before the Honorable Norval K. Harris, Sole Judge thereof, among other proceedings the following was had in the cause of:

IN THE MATTER OF THE CONVENING OF THE GRAND JURY AND APPOINTMENT OF SPECIAL PROSECUTING ATTORNEY.

The Court takes judicial notice that one John K. Purcell, is the duly qualified and acting Prose-

cuting Attorney in and for the Fourteenth Indiana Judicial Circuit.

The Court finds, adjudges and decrees that on the 27th day of March in the year 1950, the Grand Jurors for the County of Sullivan and State of Indiana, duly empaneled, charged and sworn for the February Term of Sullivan Circuit Court, will in due course of their official duty and proceedings make inquiry and investigation into the past action and conduct of said John K. Purcell, individually and/or officially, as the Prosecuting Attorney in and for the Fourteenth Indiana Judicial Circuit, specifically in due reference to the commission, if any, of any crime or crimes, heretofore by him committed individually or officially as Prosecuting Attorney.

The Court further finds, adjudges and decrees that by reason of the aforesaid premises said John K. Purcell, as Prosecuting Attorney, for the Sullivan Circuit Court, the same being the Fourteenth Indiana Judicial Circuit, is disqualified from acting or advising said Grand Jury in the making and conducting of its proceedings, specifically in reference to all matters involving crimes, if any, by him in the past committed.

Therefore, the Court, by virtue of its Constitutional, inherent and statutory powers, hereby appoints Earl S. Cummings, a member of the Sullivan County Bar, in good standing, and a duly licensed, qualified and acting attorney, to be and act as a Special Prosecuting Attorney to aid and assist the aforesaid Grand Jury in the making of any investigation concerning the commission of any crimes, if any, by the aforesaid John K. Purcell.

And now the Court summons Earl S. Cummings before the bench, who accepts in open court the appointment as Special Prosecuting Attorney for the aforesaid purposes, and now here takes the following oath, administered by Earl A. Engle, Clerk of the Sullivan Circuit Court:

Do you, Earl S. Cummings, solemnly swear that you will honestly, faithfully and impartially perform your duties as Special Prosecuting Attorney, duly appointed by the Sullivan Circuit Court, for the February Term, 1950, of said

Court; that you will not try to influence the Grand Jury, either to return or not to return any indictment or indictments against any person or persons; that you will assist the Grand Jury for the February Term, 1950, of said Court in making an honest, fair and impartial investigation of the conduct of the Prosecuting Attorney's office and of John K. Purcell, as an individual; that you will honestly and impartially advise the Grand Jury as to the law; that if an indictment or indictments are voted by the Grand Jury that you will honestly and faithfully prepare such indictment or indictments for the signature of the Grand Jury Foreman; that you will honestly, faithfully and impartially uphold the laws and the Constitution of the State of Indiana, and of the United States of America, to the best of your ability, so help you God!

It is ordered that court do now adjourn until 9:00 o'clock tomorrow morning. Record read and signed in open court this 22nd day of March, 1950. Norval K. Harris, Judge."

As we construe the orders of March 20th and March 22nd it is our opinion that they involve the same transaction and that the respondent judge by the two orders was attempting to set in motion a process which would result in the arbitrary and unlawful appointing of the special prosecutor and the displacement of the relator, and that the action of the said relator in filing his petition on March 22nd was not brought prematurely.

For the reasons heretofore stated the temporary writ of prohibition is now made permanent.

During the pendency of this cause and after the respondent had been served with notice of the issuance of the temporary writ of prohibition, which was on March 23, 1950, the respondent judge did, on March 27, 1950, after the Grand Jury had convened in response to the above set out order of March 20th, instruct

said Grand Jury in open court as to their duties, which instruction purports to be set out in an order of said court and reads as follows:

"BE IT REMEMBERED, That on the 27th day of March, 1950, the same being the 31st judicial day of the February Term, 1950, of the Sullivan Circuit Court, begun, held and continued at the Court House in Sullivan, commencing on Monday, the 20th day of February, 1950, before the Honorable Norval K. Harris, Judge of said Court, the following proceedings were had in the cause of

IN THE MATTER OF THE CONVENING OF THE GRAND JURY, AND APPOINTMENT OF SPECIAL PROSECUTING ATTORNEY.

Pursuant to the order of this Court heretofore made, the duly empaneled and regular members of the Grand Jury of this Court for the February Term, 1950, namely: Lucian Hancock, Ethel Pigg, Georgia Plew, Vernon DeBaun, Wayne Weddle, and Forrest Harris, now appear in open court, and are instructed by the Court, and the Court advises said Grand Jurors that numerous responsible citizens have complained to the Court concerning alleged illegal and corrupt conduct on the part of John Knox Purcell as Prosecuting Attorney of Sullivan County, and also of his immoral and licentious conduct as an individual; and the Court instructs said Grand Jury that it is the Court's request that said Grand Jurors among any and all other investigations which they may see fit to make that they make an honest, fair and impartial investigation of the official and unofficial conduct of said John Knox Purcell; and the Court further instructs said Grand Jurors that it would be unreasonable, unfair, unlawful and without common sense for the regular Prosecuting Attorney, John Knox Purcell to investigate himself, and that said Grand Jurors, if they so desire after careful consideration, and solely on their own volition, may request the appointment of a Special Prosecuting Attorney, to make said investigation of the official and unofficial conduct of John K. Purcell, and that if they so request, this Court will name a special

Prosecuting Attorney, to assist the Grand Jurors in making their investigation.

The Court further instructs said Grand Jurors that if they do make an investigation of the official and unofficial conduct of John Knox Purcell, that said John Knox Purcell, or anyone else shall not be permitted in the Grand Jury room except upon the request of and with the permission of the said Grand Jurors.

And the Court further instructs the said Grand Jurors that except for the investigation of John Knox Purcell, as an official and as an individual that said John Knox Purcell remains the duly elected and acting Prosecuting Attorney of Sullivan County, Indiana, and is entitled to lay before said Grand Jurors any and all other matters, which said John Knox Purcell may see fit to investigate.

And the Court further instructs said Grand Jurors that the Grand Jurors themselves on their own motion may investigate any person or persons, officials, or other public servants as said Grand Jurors may see fit to do.

And the Court further instructs said Grand Jurors that they may adjourn today, or tomorrow, or at any other time they may see fit, and that no other person except said Grand Jurors themselves, and the Judge of this Court has authority to order said Grand Jurors, either to adjourn or to reconvene.

And the Grand Jurors retire to their jury room in custody of their sworn Bailiff, Charles Ellis, and said Grand Jurors now request further instructions from the Court, and appear in open Court and request that a Special Prosecuting Attorney be appointed by the Court to assist said Grand Jurors in an honest, fair and impartial investigation of John Knox Purcell's conduct as Prosecuting Attorney, and as an individual; and the Court now pursuant to law appoints Earl S. Cummings, a qualified and acting attorney of this Bar, of high standing in the community, both as an attorney and as a citizen to be Special Prosecuting Attorney for the February Term, 1950, of the Sullivan Circuit Court for the sole and only purpose of assisting the Grand Jury in making said honest,

fair and impartial investigation of the official and unofficial conduct of John Knox Purcell.

And the Court now further instructs said Grand Jury that the Supreme Court of Indiana, has heretofore issued a writ of prohibition, prohibiting this Court from proceeding with the naming of a Special Prosecuting Attorney to investigate the official and unofficial conduct of John Knox Purcell until further order of said Indiana Supreme Court. And that hearing on said Writ of prohibition has been set by said Indiana Supreme Court for Monday, April 3, 1950, and that it is the opinion of this Court that both the Judge of this Court, and the Grand Jury should take no further steps toward investigating said John Knox Purcell with the aid of a Special Prosecuting Attorney until the finding and decision of said Indiana Supreme Court on April 3, 1950, and that it is the opinion of this Court that said Grand Jurors should not proceed with any investigation of John Knox Purcell until April 4, 1950.

And said Grand Jurors request that they be permitted to adjourn and not reassemble until April 4, 1950, and the Court accedes to said request of said Grand Jury, and the Grand Jurors are now excused by the Court to reassemble and reconvene on Tuesday, April 4, 1950, at 10:00 o'clock A.M.

It is ordered that court do now adjourn until 9:00 o'clock tomorrow morning. Record Read and signed in open court this 27th day of March, 1950. Norval K. Harris, Judge."

After the action of the said court in giving said instruction last set out to the said Grand Jury the relator filed an information in this court calling this fact to our attention and praying that the said respondent judge be held for indirect contempt for giving said instruction. Said information further states that the giving of this instruction was in violation and contrary to the said temporary writ heretofore issued in this matter and amounted to the said judge doing what he had been ordered to refrain from doing, and that the

said respondent judge's remarks in connection with said charge were such that they did influence and coerce the Grand Jury.

To this information the respondent judge has filed his response wherein he attempts to purge himself of any charge of contempt for so giving this instruction. By this response the said judge has not attempted to deny that the order of March 27th was made but merely states that in making the same he had no intent to disobey this court.

In order to avoid repetition of the various matters that led up to the filing of this information we have determined to dispose of this contempt matter in this opinion. The respondent judge has admitted all of the acts charged in the information herein. These acts are unambiguous and susceptible of only one conclusion and are clearly contemptuous. Under these circumstances the said respondent cannot be excused or purged by the statement that by such action he did not intend to be contemptuous. *State ex rel. Indpls. Bar Assn.* v. *Fletcher Tr. Co.* (1937), 211 Ind. 27, 5 N. E. 2d 538; *State* v. *Shumaker* (1927), 200 Ind. 623, 157 N. E. 769. Among the other acts and conduct of the respondent judge complained of, done at the time the order of March 27th was made, and which we find took place, are the following: At the time the Grand Jury was called into court on said day for instruction the relator reminded the court that a writ of prohibition had theretofore been issued and the prosecutor stated that he was going into the Grand Jury room as he had a right to do; that thereupon the court informed the relator in the presence of the Grand Jurors that he was not to go into the Grand Jury room unless he was requested and that the sheriff would be present to see that he stayed out, that the writ of

prohibition had nothing to do with the appointment of the special prosecutor, and at the same time instructed the Grand Jury to pay no attention to the prosecutor. That he also told the Grand Jury the last time the Grand Jury had been called the relator himself had called a woman and empaneled her as a member of the Grand Jury and that instead of bringing this woman before the respondent and having her sworn in open court and having her instructed by the court, the prosecutor took her into the Grand Jury room and swore her in himself, and that one of the best judges "in this part of the country decided it was illegal." And the court further stated to the Grand Jury, "I sincerely request you to consider the fact of whether you ought to have a special prosecuting attorney to investigate the prosecutor because it is not common sense, it is not justice, it's not reasonable, it's not right that the regular Prosecutor should investigate himself." The court also informed the Grand Jury at this time that relator would be "out of jail in the morning and if you want to come back yourselves now in the morning and take up anything that he has on hand or if you want to request that he investigate the court, which I would like for you to do, that is up to you or you can wait and do the whole business when you come back April 4th. Of course you can't do that in two days, there will be at least thirty or forty witnesses on the investigation of the prosecutor." In reference to the prosecutor being in jail, the evidence developed that at the time the court was instructing the Grand Jury he found the relator to be in contempt for failure to show proper respect to the court and the jail sentence mentioned was that which was imposed for this particular contempt.

It is true that when the order of March 27th was finally written the respondent judge was careful to

instruct the Grand Jury that it alone was to be the judge as to what it was investigating, etc.

This court, however, is not blind, and we think it is clear from all the actions and conduct of respondent judge that he was making a strenuous effort to influence the Grand Jury to investigate the relator.

From all that was said and done by the respondent court on March 27, 1950, as above related, we are convinced that it impressed the Grand Jurors that he had formed an opinion as to the guilt of the relator and if the Grand Jury did its duty it would return an indictment against the relator. As was said in *State* v. *McCoy* (1929), 89 Ind. App. 330, 336, 166 N. E. 547, "the influence of the judge of the Circuit Court is such that we can say, as a matter of common knowledge, that jurors in many instances regard a suggestion by him as a command. As was said in *People* v. *Both, supra:* 'The greatest care is required ordinarily to conceal from the jurors the opinion entertained by a trial judge on questions of fact, lest such an indication might have undue influence upon the jurors.' "

This Court, upon the case submitted and its determination from the facts hereinabove found, is of the opinion and now finds that the respondent, Norval K. Harris, has wilfully disobeyed our said order of March 22, 1950, and is guilty of contempt of court.

IT IS NOW, THEREFORE, ORDERED that the Clerk of the Supreme Court of Indiana issue a writ of attachment to the sheriff of this Court commanding him to bring forthwith before the Court Norval K. Harris for sentence and judgment upon the aforesaid finding of guilty.

NOTE.—Reported in 92 N. E. 2d 843.