Kanne, Circuit Judge.
John Doe, whose legal name is Jane Doe,[1] is a transgender man residing in Marion County, Indiana. Though Doe is originally from Mexico, the United States *975 granted him asylum in 2015 because of the persecution he might face in Mexico for being transgender. But this suit arises out of Doe's treatment in the United States. He alleges that he faces harassment and discrimination in the United States when he gives his legal name or shows his identification bearing it to others. Consequently, Doe seeks to legally change his name from Jane to John so that his name conforms to his gender identity and physical appearance, which are male.
Doe asserts that the Indiana statute governing name changes is unconstitutional because it requires name-change petitioners to provide proof of U.S. citizenship. Ind. Code § 34-28-2-2.5(a)(5) (2016).[2] As an asylee, Doe can't provide such proof. He brought this case against the Governor and Attorney General of Indiana, the Marion County Clerk of Court, and the Executive Director of the Indiana Supreme Court Division of State Court Administration in their official capacities. He seeks a declaration that the citizenship requirement violates his First and Fourteenth Amendment rights and an injunction to prevent the defendants from enforcing it.
The district court dismissed Doe's case against all the defendants for lack of standing after the defendants filed motions to dismiss for lack of subject-matter jurisdiction. Doe appeals. We review the district court's dismissal de novo , accepting well-pleaded allegations as true and drawing reasonable inferences in favor of Doe. See Lewert v. P.F. Chang's China Bistro, Inc. , 819 F.3d 963, 966 (7th Cir. 2016) ; Evers v. Astrue , 536 F.3d 651, 656 (7th Cir. 2008). For the reasons discussed below, we affirm.
I. ANALYSIS
Federal courts have jurisdiction over certain cases and controversies. U.S. Const. art. III, § 2. Standing is "the irreducible constitutional minimum" that determines which cases and controversies "are of the justiciable sort referred to in Article III." Lujan v. Defs. of Wildlife , 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). The party invoking federal jurisdiction must establish the elements of standing: (1) that he suffered an injury in fact, (2) that the injury is causally connected to the challenged conduct of the defendant, and (3) that the injury is likely to be redressed by a favorable judicial decision. Id. at 560-61, 112 S.Ct. 2130.
But even if a plaintiff could otherwise establish that he has standing to sue a state or a state official, the Eleventh Amendment generally immunizes those defendants from suit in federal court. A plaintiff can avoid this bar, however, by naming a state official who has "some connection with the enforcement" of an allegedly unconstitutional state statute for the purpose of enjoining that enforcement. Ex parte Young , 209 U.S. 123, 157, 28 S.Ct. 441, 52 L.Ed. 714 (1908).
Thus, where a plaintiff sues a state official to enjoin the enforcement of a state statute, the requirements of Ex parte Young overlap significantly with the last two standing requirements-causation and redressability. That is, a plaintiff must show that the named state official plays some role in enforcing the statute in order to avoid the Eleventh Amendment. But, in order to satisfy the requirements of causation and redressability, he must also establish that his injury is causally connected to *976 that enforcement and that enjoining the enforcement is likely to redress his injury.
Here, Doe sued three state officials-the Governor, the Attorney General, and the Executive Director of the Indiana Supreme Court Division of State Court Administration-and one county official-the Marion County Clerk of Court. We take each defendant in turn to address whether Doe can sue them in federal court. He cannot.
A. The Eleventh Amendment bars Doe's suit against the named state officials.
Doe has not shown that any of the named state officials are connected with the enforcement of the name-change statute, so the Eleventh Amendment bars his suit against them.
1. The Governor
"The mere fact that a governor is under a general duty to enforce state laws does not make him a proper defendant in every action attacking the constitutionality of a state statute." Shell Oil Co. v. Noel , 608 F.2d 208, 211 (1st Cir. 1979). Instead, Doe must allege that the Indiana Governor played some role in enforcing the name-change statute.
Doe's strongest argument, though it still fails, is that the Governor plays a role in enforcing the name-change statute as head of the Bureau of Motor Vehicles ("BMV"). The BMV law provides that applications for driver's licenses or state-issued IDs must include "the full legal name of the applicant." Ind. Code § 9-24-9-2(1) (2016). And the BMV will not issue an ID to an applicant that reflects a different full name than what appears on the person's other legal documents unless the applicant provides a court order approving a full name change. See 140 Ind. Admin. Code 7-1.1-3(b)(1)(K) (2017). Together, Indiana's name-change statute and the BMV's requirements deny non-citizens the privilege of a full-name change on their identification.
Doe may have been able to overcome the Eleventh Amendment had he sued the Governor to enjoin the enforcement of the BMV's requirements. Instead, Doe sued the Governor in his official capacity to prevent him from enforcing the name-change statute. But the Governor was not specifically charged with a duty to enforce the name-change statute, see Ex parte Young , 209 U.S. at 158, 28 S.Ct. 441, and he has not taken on any duty to enforce it either, see Love v. Pence , 47 F.Supp.3d 805, 808 (S.D. Ind. 2014). In short, the Governor doesn't do anything to enforce the name-change statute ; if Indiana's statute permitted non-citizens to obtain a name change, then the BMV would, too. Consequently, the Eleventh Amendment bars this suit against the Indiana Governor. See Watford v. Quinn , No. 14-cv-00571-MJR, 2014 WL 3252201, at *2-3 (S.D. Ill. July 8, 2014) (noting that an Illinois statute prohibiting prisoners from petitioning for name changes "makes clear that it is the exclusive prerogative of the state circuit courts, not the Governor, to grant a name change," and holding that, consequently, the Eleventh Amendment barred the suit against the governor).
2. The Attorney General
An attorney general cannot be sued simply because of his duty to support the constitutionality of a challenged state statute. See Mendez v. Heller, 530 F.2d 457, 460 (2d Cir. 1976). This duty does not make an attorney general an adverse party, but rather "a representative of the State's interest in asserting the validity of its statutes." Id. Instead, in order for a plaintiff to overcome the Eleventh Amendment, the attorney general must play some *977 role in enforcing (not just defending) the complained-of statute.
Doe argues that the Attorney General enforces the name-change statute because he is vested with the broad authority to enforce criminal laws. To the contrary, however, the general rule in Indiana is that the Attorney General cannot initiate prosecutions; instead, he may only join them when he sees fit. See Ind. Code § 4-6-1-6 (2016) ; Ind. Code §§ 33-39-1-5, 12-15-23-6(d) (2017) ; State v. Holovachka , 236 Ind. 565, 142 N.E.2d 593, 603 (1957). But see Arnold v. Sendak , 416 F.Supp. 22, 23 (S.D. Ind. 1976) (holding that the Attorney General was a proper defendant in a suit challenging a statute that made "abortion ... a criminal act" because of his "broad powers in the enforcement of the criminal laws of the state"), aff'd without addressing standing , 429 U.S. 968, 97 S.Ct. 476, 50 L.Ed.2d 579 (1976).
Moreover, there are no criminal penalties for violating Ind. Code § 34-28-2-2.5(a)(5). It is true that the Attorney General could assist a local prosecuting attorney in a perjury prosecution if Doe perjured himself on his name-change petition by indicating he was a citizen. See Ind. Code §§ 4-6-1-6, 34-28-2-2(a) (2016) ; Ind. Code § 35-44.1-2-1 (2014). Some courts have suggested this would be enough. See, e.g., Baskin v. Bogan , 12 F.Supp.3d 1144, 1152-53 (S.D. Ind. 2014)aff'd without addressing standing , 766 F.3d 648 (7th Cir. 2014). But that connection is too attenuated, especially considering that the Attorney General could not initiate the prosecution himself. Permitting Doe's complaint challenging § 34-28-2-2.5 to bring the Attorney General into court would extend Ex parte Young past its limits.
The Attorney General has not threatened to do anything, and cannot do anything, to prosecute a violation of § 34-28-2-2.5. Children's Healthcare is a Legal Duty, Inc. v. Deters , 92 F.3d 1412, 1415 (6th Cir. 1996) ("Young does not apply when a defendant state official has neither enforced nor threatened to enforce the allegedly unconstitutional state statute."). Our ultimate inquiry is whether the Attorney General's connection to the enforcement of the name-change statute "is sufficiently intimate to meet the requirements of Ex parte Young ." Shell Oil Co. , 608 F.2d at 210. In this case, it is not. The Eleventh Amendment bars Doe's suit against the Attorney General from being heard in federal court.
3. The Executive Director of State Court Administration
Doe also named the Executive Director of the Indiana Supreme Court Division of State Court Administration as a defendant. He alleges that the Director caused his injuries because her office "prevent[s] or discourage[s] non-citizens from accessing changes of legal name." (R. 24 at 4.) The Director's office generates a form that is available online or at the clerk's office to help petitioners file name-change petitions. The form instructs petitioners to provide proof of U.S. citizenship. The Director's office also generates a form order for the state court's use that includes the finding that "[t]he Petitioner has presented proof of United States citizenship." (Appellant's Br. at 11 (alteration in original).) These forms are provided for convenience; they are not mandatory.
Even though the Director works for the judiciary, she is nonetheless a state official for the purpose of the Eleventh Amendment. See Hess v. Port Auth. Trans-Hudson Corp. , 513 U.S. 30, 48, 115 S.Ct. 394, 130 L.Ed.2d 245 (1994) ("[T]he impetus for the Eleventh Amendment [is] the prevention of federal-court judgments that must be paid out of a State's treasury."). The Director's generation and publication of non-mandatory forms are *978 not connected to the enforcement of the name-change statute. Accordingly, the Eleventh Amendment bars Doe from bringing this suit against the Director in federal court.
B. Doe failed to prove that he has standing to sue the Marion County Clerk of Court.
The Marion County Clerk of Court concedes that she is not a state official, and therefore the Eleventh Amendment does not bar Doe's suit against her. Nonetheless, Doe does not have standing to bring this suit against the Clerk. Though Doe alleged an injury in fact, he did not satisfy the final two requirements for standing: causation and redressability.
1. Doe alleged an injury in fact .
An injury in fact must be "concrete and particularized," Lujan , 504 U.S. at 560, 112 S.Ct. 2130, and "actual or imminent," id. (quoting Whitmore v. Arkansas , 495 U.S. 149, 155, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990) ). "When the government erects a barrier that makes it more difficult for members of one group to obtain a benefit than it is for members of another group, ... [t]he 'injury in fact' ... is the denial of equal treatment resulting from the imposition of the barrier." Ne.Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville , 508 U.S. 656, 666, 113 S.Ct. 2297, 124 L.Ed.2d 586 (1993).
This is the case here. Though Doe never submitted a petition, he alleged an actual, concrete, and particularized injury: that the statute denies him the benefit of obtaining a name change simply because he is not a U.S. citizen. See Associated Gen. Contractors at 666, 113 S.Ct. 2297 ; see also Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Norton , 422 F.3d 490, 496 (7th Cir. 2005) (noting that a plaintiff does not "lack[ ] standing merely because [he] asserts an injury that is shared by many people"). In fact, the barrier Doe faces is much worse than the one in the affirmative-action cases like Associated General Contractors , because it makes it impossible-not just difficult-for people in his class to obtain the desired state benefit, and that benefit is freely available to persons in the favored class (U.S. citizens).
This injury supports his due process and free speech claims just as it supports his equal protection claim. If the Indiana statute permitted citizens and non-citizens alike to change their legal names, Doe would not need to bring this suit claiming that he is denied due process and freedom of speech by not being able to change his.
2. Doe has not satisfied the final two standing requirements of causation and redressability.
There must be a causal connection between the plaintiff's injury and the conduct of which he complains. Lujan , 504 U.S. at 560, 112 S.Ct. 2130. That is, the plaintiff's injury must be "fairly traceable" to a defendant's actions. Id. Standing is not always lost when the causal connection is weak, Banks v. Sec'y of Ind. Family &Soc. Servs. Admin. , 997 F.2d 231, 239 (7th Cir. 1993), and a defendant's actions need not be "the very last step in the chain of causation," Bennett v. Spear , 520 U.S. 154, 168-69, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997).
Once a plaintiff establishes an adequate causal connection, he must show that it is likely a favorable decision against the named defendant would redress the plaintiff's injury. Lujan , 504 U.S. at 561, 112 S.Ct. 2130.
Doe argues that he has standing to sue the Clerk because her office distributes *979 the Director's forms advertising the non-citizen exclusion, advises non-citizens that the statute requires proof of citizenship when they ask about the statute's requirements, and processes name-change petitions through an allegedly unconstitutional system.
But in processing the name-change petitions, the Clerk has no power to grant or deny a petition. She is tasked only with accepting and processing petitions without any authority to screen them. In fact, Doe's complaint acknowledged that the Clerk filed at least one non-citizen application in the past. (R. 24 at 13.) Because Doe failed to show that the Clerk has any authority in the name-change process, Doe has failed to show that his injury is fairly traceable to the Clerk's action of processing petitions. Cf. Campaign for S. Equal. v. Miss. Dep't of Human Servs. , 175 F.Supp.3d 691, 703-05 (S.D. Miss. 2016) (finding that the plaintiffs had standing to sue the director of human services in a constitutional challenge to a state statute prohibiting adoptions by same-sex couples because the department of human services had the ability to block adoption applications).
The Clerk's other two actions can best be characterized as educating and informing the public about the name-change statute's requirements. Even assuming Doe's injury was fairly traceable to this activity, Doe has not shown that any injunction the court may issue against the Clerk would be likely to redress his injury. The state courts would still deny Doe's petition on the basis of the citizenship requirement regardless of what information the Clerk provided to him.
II. CONCLUSION
The Eleventh Amendment bars Doe's suit against the named state officials. And though the Marion County Clerk of Court is not a state official, Doe does not have standing to sue her. We therefore AFFIRM the district court's dismissal of Doe's suit. The federal courts are not the proper forum for his claims.

On November 22, 2016, U.S. Magistrate Judge Debra McVicker Lynch granted the plaintiff's unopposed motion to proceed anonymously, ordering that he be referred to in court filings as John Doe (or John Doe formerly known as Jane Doe). (R. 42 at 1, 4.)

"(a) If a person petitioning for a change of name under this chapter is at least seventeen (17) years of age, the person's petition must include at least the following information: ... (5) Proof that the person is a United States citizen."