Robert D. ARNOLD, M.D., et
al., Plaintiffs,

v.

Theodore L. SENDAK, Attorney General
of Indiana, et al., Defendants.

No. IP 74–4–C.

United States District Court,
S. D. Indiana,
Indianapolis Division.

June 15, 1976.

Sigmund J. Beck, Edward W. Harris III, D. Robert Webster, Craig Eldon Pinkus, Ronald E. Elberger, Indianapolis, for plaintiffs.

Theodore L. Sendak, Atty. Gen., Darrel K. Diamond, Asst. Atty. Gen., Indianapolis, James F. Kelley, Pros. Atty., Marion County, Indianapolis, Barry S. Brown, Pros. Atty., Monroe County, Bloomington, for defendants.

Before SWYGERT, Circuit Judge and DILLIN and NOLAND, District Judges.

MEMORANDUM OF DECISION

PER CURIAM.

The plaintiffs, licensed physicians actively engaged in the practice of medicine in Marion and Monroe Counties, Indiana, have brought this action to declare part of the Indiana abortion statute, I.C. 1971, 35–1–58.5–2(a)(1), unconstitutional and to enjoin its enforcement. The challenged section of the statute provides:

"Abortion shall in all instances be a criminal act except when performed under the following circumstances:

(a) During the first trimester of pregnancy for reasons based upon the professional, medical judgment of the pregnant woman's physician provided:

(1) It is performed by such physician in a hospital or a licensed health facility as defined in IC 1971, 16–10–2 which offers the basic safeguards as provided by a hospital admission, and has immediate hospital backup. . . ."

Each plaintiff alleges that he is required on a recurring basis to give professional advice and information pertaining to abortion and that he is "hindered, deterred, chilled and threatened and his practice of medicine is seriously impaired by the existence, actual or threatened enforcement, effect, application and impact of the challenged statutory provisions."

The plaintiffs contend that the statutory requirement that all abortions, including those during the first trimester of pregnancy, be performed in a hospital or licensed health facility, directly contravenes the Supreme Court decisions in *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), and *Doe v. Bolton,* 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973).

Jurisdiction is invoked pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343, 2201, 2202, 2281, and 2284. A three-judge court was convened pursuant to 28 U.S.C. § 2284 on January 22, 1974. Original defendants Thomas A. Berry and Noble L. Pearcy have been replaced in their former capacities as prosecuting attorneys of Monroe and Marion Counties, Indiana, by Barry S. Brown and James F. Kelley, who pursuant to F.R.Civ.P. 25(d)(1) are automatically substituted as parties defendant.

The defendants have moved to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to F.R.Civ.P. 12(b)(6) and for lack of jurisdiction over the subject matter pursuant to F.R.Civ.P. 12(b)(1). The plaintiffs have moved for summary judgment pursuant to F.R.Civ.P. 56.

### I. Motion to Dismiss

■ The defendants first contend that this Court should abstain on the ground that the challenged statute is susceptible of a construction by the state courts which would avoid the federal constitutional question, citing *Lake Carriers Association v. MacMullan,* 406 U.S. 498, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1972). There is no basis for such contention in this case because the statute is unambiguous, and the sole question is whether it is unconstitutional on its face. *Wisconsin v. Constantineau,* 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971).

■ The defendants next contend that the plaintiffs lack standing to maintain this action, and that no case or controversy exists since plaintiffs do not allege that they have been threatened with prosecution. The Supreme Court rejected similar contentions in *Doe, supra,* 410 U.S. at 188, 93 S.Ct. 739; *accord, Friendship Medical Center, Ltd. v. Chicago Board of Health,* 505 F.2d 1141 (7 Cir.1974), cert. den. 420 U.S. 955, 95 S.Ct. 1438, 43 L.Ed.2d 680 (1975); *Nyberg v. City of Virginia,* 495 F.2d 1342 (8 Cir.1974), appeal dismissed and cert. den. 419 U.S. 891, 95 S.Ct. 169, 42 L.Ed.2d 136 (1974).

The defendant Sendak also contends that the complaint should be dismissed as to him because he is not a proper party.

■ One of the duties of the Attorney General is set out in I.C. 1971, 4–6–1–6(a) as follows: "[He shall] consult with and advise the several prosecuting attorneys of the state in relation to the duties of their office; and when, in his judgment, the interest of the public requires it, he shall attend the trial of any party accused of crime, and assist in the prosecution." He therefore has the power, on his own motion, to participate in the trial of criminal cases. He also has the sole power to represent the state in all appellate proceedings in criminal cases. I.C. 1971, 4–6–2–1; *State v. Market,* 302 N.E.2d 528 (Ind.App.1973). The Attorney General thus has broad powers in the enforcement of the criminal laws of the state, and is accordingly a proper defendant.

The various motions to dismiss are each overruled.

### II. Motion for Summary Judgment

■ The challenged section of the Indiana abortion statute is clearly unconstitu-

**24**

tional. The decisions in *Roe* and *Doe* expressly state that regulation by the State as to the facility in which an abortion is to be performed is the type of regulation which can only occur after the "compelling point" or end of the first trimester:

"It follows that, from and after this point, a State may regulate the abortion procedure to the extent that the regulation reasonably relates to the preservation and protection of maternal health. Examples of permissible state regulation in this area are requirements as to the qualifications of the person who is to perform the abortion; as to the licensure of that person; as to the facility in which the procedure is to be performed, that is, whether it must be a hospital or may be a clinic or some other place of less-than-hospital status; as to the licensing of the facility; and the like." *Roe,* 410 U.S. at 163, 93 S.Ct. at 732.

The Supreme Court expressly prohibited such regulation prior to the compelling point:

"This means, on the other hand, that, for the period of pregnancy prior to this 'compelling' point, the attending physician, in consultation with his patient, is free to determine, without regulation by the State, that, in his medical judgment, the patient's pregnancy should be terminated. If that decision is reached, the judgment may be effected by an abortion free of interference by the State." *Id.*

In *Doe,* the Supreme Court also expressly held "that the hospital requirement of Georgia law, because it fails to exclude the first trimester of pregnancy . . . is also invalid." 410 U.S. at 195, 93 S.Ct. at 749. Accordingly, the Court of Appeals for this circuit has declared invalid regulations promulgated by the Chicago Board of Health which sought to regulate abortion facilities during the first trimester of pregnancy. *Friendship Medical Center, Ltd. v. Chicago Board of Health, supra.*

There are no disputed questions of fact. The case presents simply a question of law, as to the constitutionality of the challenged section of statute. That question having

been resolved in favor of plaintiffs, they are entitled to summary judgment in accordance therewith, granting their prayer for a declaratory judgment and permanent injunction.