No. 76–431. SENDAK, ATTORNEY GENERAL OF INDIANA v. ARNOLD ET AL. Affirmed on appeal from D. C. S. D. Ind.

MR. JUSTICE WHITE, with whom THE CHIEF JUSTICE and MR. JUSTICE REHNQUIST join, dissenting.

Indiana has passed a statute requiring first trimester abortions to be performed by a

"physician in a hospital or a licensed health facility as

defined in I. C. 1971, 16–10–2, which offers the basic safeguards as provided by a hospital admission, and has immediate hospital backup . . . ." Ind. Code § 35–1–58.5–2 (a)(1) (1975).

Without inquiring into the question whether this statute is a reasonable method of protecting the health of the mother, a three-judge District Court for the Southern District of Indiana held the statutory provision unconstitutional. This Court affirms summarily. There is nothing in the United States Constitution which limits the State's power to require that medical procedures be done safely, and were it not for some language in this Court's recent decisions in cases touching on abortion, the District Court's decision should and would be summarily reversed. Because I do not believe that the language in this Court's recent abortion decisions compels the extraordinary result reached by the District Court, I dissent from the summary affirmance and would note probable jurisdiction and set the case for oral argument.

In *Roe* v. *Wade,* 410 U. S. 113 (1973), and *Doe* v. *Bolton,* 410 U. S. 179 (1973), this Court held that a pregnant woman has a constitutional right to be free from state prohibition in making her decision to abort a fetus. So far as I can tell, those cases do not elevate the decision to have an abortion to a higher constitutional status than the decision to have life-saving or health-preserving operations. Clearly, all such operations are subject to reasonable regulation by state legislatures to assure that they are performed safely.

The lower court struck down the statute in this case without inquiring whether it was a reasonable health regulation. In doing so, the court relied on the following language in *Roe* v. *Wade, supra,* at 163:

> "It follows that, from and after this point [*i. e.,* the first trimester], a State may regulate the abortion procedure to the extent that the regulation reasonably relates to the preservation and protection of maternal health.

Examples of permissible state regulation in this area are requirements as to the qualifications of the person who is to perform the abortion; as to the licensure of that person; as to the facility in which the procedure is to be performed, that is, whether it must be a hospital or may be a clinic or some other place of less-than-hospital status; as to the licensing of the facility; and the like.

"This means, on the other hand, that, for the period of pregnancy prior to this 'compelling' point, the attending physician, in consultation with his patient, is free to determine, without regulation by the State, that, in his medical judgment, the patient's pregnancy should be terminated. If that decision is reached, the judgment may be effectuated by an abortion free of interference by the State."

Read literally, this language would prevent the State from passing *any* health or safety regulations applicable to abortions performed in the first trimester no matter what the risk to maternal health. Plainly, the language cannot be read literally, and we have declined to so read it in the past. In *Connecticut* v. *Menillo,* 423 U. S. 9 (1975), we sustained a statute which proscribed abortion by a nonphysician saying:

"*Roe* teaches that a State cannot restrict a decision by a woman, with the advice of her physician, to terminate her pregnancy during the first trimester because neither its interest in maternal health nor its interest in the potential life of the fetus is sufficiently great at that stage. But the insufficiency of the State's interest in maternal health is predicated upon the first trimester abortion's being as safe for the woman as normal childbirth at term, and *that predicate holds true only if the abortion is performed* by medically competent personnel *under conditions insuring maximum safety for the woman.* See 410 U. S., at 149–150, 163; cf. statement

of DOUGLAS, J., in *Cheaney* v. *Indiana,* 410 U. S. 991 (1973), denying certiorari in 259 Ind. 138, 285 N. E. 2d 265 (1972). Even during the first trimester of pregnancy, therefore, prosecutions for abortions conducted by nonphysicians infringe upon no realm of personal privacy secured by the Constitution against state interference. . . ." *Id.,* at 10–11. (Emphasis added.)

Here, the Indiana statute seeks to insure that the "abortion is performed . . . under conditions insuring maximum safety for the woman." Absent a finding that the statute does not reasonably achieve its purpose, it cannot properly be held unconstitutional.

The court below also relied on this Court's holding in *Doe* v. *Bolton, supra,* at 195, invalidating a requirement that abortions be performed only in hospitals accredited by the Joint Committee on Accreditation of Hospitals, a private organization. The Court there said:

"Appellants and various *amici* have presented us with a mass of data purporting to demonstrate that some facilities other than hospitals are entirely adequate to perform abortions if they possess these qualifications. The State, on the other hand, has not presented persuasive data to show that only hospitals meet its acknowledged interest in insuring the quality of the operation and the full protection of the patient. We feel compelled to agree with appellants that the State must show more than it has in order to prove that only the full resources of a licensed hospital, *rather than those of some other appropriately licensed institution,* satisfy these health interests." (Emphasis added.)

Here there was no trial, there were no facts presented to the District Court in any other form, and no finding that the requirement of Indiana law is unreasonable. In any event, Indiana has provided that abortions may be performed in

"other appropriately licensed institution[s]." *Doe* v. *Bolton, supra,* is thus no support for the lower court's finding.*

Statutes passed by the legislatures of the States may not be so lightly struck down. Normal principles of constitutional adjudication apply even in cases dealing with abortion. I therefore respectfully dissent from affirmance and would note probable jurisdiction and set this case for oral argument.

---

*The Court in *Doe* v. *Bolton,* 410 U. S. 179 (1973), also relied for its holding on the language in *Roe* v. *Wade,* 410 U. S. 113 (1973), quoted above, indicating that all health regulations with respect to first trimester abortions are invalid. As already noted, the language is not to be applied literally.