7 F.3d 236
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES, Appellee,
v.
Antoinne PINER and Douglas Anthony Harris, Appellants.
 Nos. 91-2198, 92-1377.
 United States Court of Appeals, Sixth Circuit.
 Sept. 14, 1993.
 
 Before: JONES and BATCHELDER, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 CELEBREZZE, Senior Circuit Judge.
 
 
 1
 Antoinne "Pots" Piner and Douglas Anthony Harris were two of nineteen defendants charged with crimes relating to a drug conspiracy operating a chain of crack houses in Flint, Michigan.
 
 
 2
 Defendant Piner was charged and convicted of five drug crimes (conspiracy to distribute drugs; possession with intent to distribute drugs; use of a firearm in the course of a felony drug offense; employment of a person under the age of 18 to distribute a controlled substance; and distribution of drugs to persons under 21 years of age). Piner, and his brother John, were the principal operators of a cocaine and heroin distribution network in Detroit and Flint, Michigan which included the operation of several drug houses. The brothers staffed the distribution points and provided the drugs for the operation.
 
 
 3
 Defendant Harris was charged and convicted of one count of conspiracy to distribute drugs. Harris, while on inactive military status, spent approximately a week in Flint with military buddies, visiting the Piner crack houses. While enjoying himself with drugs and women, Harris also apparently assisted the business by acting as a doorman and look-out at one of the Flint crack houses.
 
 
 4
 Through a series of controlled purchases and executions of search warrants at various crack houses, the Bureau of Alcohol, Tobacco and Firearms and Flint police department ultimately nabbed and prosecuted the nineteen defendants involved in the Piner distribution network. The raids netted large quantities of crack, cash, drug business ledgers, weapons and ammunition, as well as drug paraphernalia such as plastic baggies, a heat sealer, glass pipes and a pager.
 
 
 5
 Upon his conviction as charged, the court sentenced defendant Piner to concurrent 360 month terms of imprisonment on four counts and a prison term of sixty months consecutive to the others for the offense of distributing drugs to minors. The court, while apologetically acknowledging the harshness of the sentencing guideline range for Harris's conviction, sentenced Harris to a 292 month term of incarceration.
 
 
 6
 The two defendants now appeal, challenging the district court judgment on evidentiary, procedural and sentencing issues.
 
 I.
 
 7
 Defendant Piner charges that his mere association with members of a criminal drug conspiracy is insufficient proof that he is a conspirator without evidence that he had an agreement to conspire with his associates. The government argues that defendant failed to properly preserve this issue for appeal and, in any case, the evidence is more than sufficient to demonstrate the defendant conspired to distribute drugs.
 
 
 8
 Though defendant did not take issue with the sufficiency of this evidence via a FED.R.CRIM.P. 29 motion at trial, constitutional due process ensures that a defendant cannot be convicted except by proof beyond a reasonable doubt of each element of the crime charged. In re Winship, 397 U.S. 358, 361-362 (1970). In determining the sufficiency of the evidence, the court must not weigh the evidence, consider the credibility of witnesses, nor substitute its judgment for that of the jury. Morelock v. NCR Corp., 586 F.2d 1096, 1104-1105 (6th Cir.1978), cert denied, 441 U.S. 906 (1979). The court must view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979), reh'g denied, 444 U.S. 890 (1979); United States v. White, 932 F.2d 588, 589 (6th Cir.1991). The appellate court must review the evidence, even if exclusively circumstantial, and its inferences in favor of the government. United States v. Connery, 867 F.2d 929, 930 (6th Cir.1989); United States v. Adamo, 742 F.2d 927, 932 (6th Cir.1984), cert. denied, 469 U.S. 1193 (1984).
 
 
 9
 21 U.S.C. § 841(a)(1) sets forth in relevant part:
 
 
 10
 (a) ... it shall be unlawful for any person knowingly or intentionally--
 
 
 11
 (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance;
 
 21 U.S.C. § 846 states:
 
 12
 Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.
 
 
 13
 The evidence adduced at trial revealed that defendant Piner supplied large quantities of crack cocaine to participant drug houses and drug dealers in a large cocaine operation in Flint, Michigan. Piner hired personnel to operate crack houses and supplied the drugs in partnership with his brother John. Several witnesses identified Piner as a prolific drug dealer in Flint. The evidence further delineated the people who worked in Piner's operation and their duties. Physical evidence seized from the various drug house sites included large sums of cash, drugs and paraphernalia, a ledger of drug distribution/sales bearing Piner's fingerprint, and phone records establishing Piner's ongoing communications with drug houses. Piner's physical proximity in a crack house at the time of his arrest and witness testimony illustrating his drug distribution activities, coupled with his possession of firearms for protection and his statement to police conceding many of these points, further illustrate defendant's participation in a conspiracy to distribute illegal drugs. Defendant correctly proposes that mere proximity to drugs is insufficient evidence of guilt. United States v. White, 932 F.2d 588, 589 (6th Cir.1991); United States v. Woods, 544 F.2d 242, 260 (6th Cir.1976), cert. denied, 429 U.S. 969 (1976), 430 U.S. 954 (1976), 431 U.S. 954 (1976), and reh'g denied, 431 U.S. 960 (1976); 435 U.S. 488 (1977). In the case at bar, however, the evidence demonstrates far more than defendant's mere proximity to drugs. This court finds the evidence more than sufficient to sustain defendant's conviction of conspiracy to distribute drugs.
 
 
 14
 This assignment of error fails.
 
 II.
 
 15
 Defendant Piner charges that the government failed to prove he sold drugs and failed to substantiate, with additional evidence, its witness testimony that drug purchaser Edgar Pace was a seventeen year old minor. The government charges that defendant did not properly preserve this issue for appeal and, in any case, the court certified documentary evidence and testimonial evidence was sufficient to support defendant's conviction of distributing cocaine to a person under the age of twenty one.
 
 
 16
 As previously discussed, though defendant did not take issue with the sufficiency of this evidence via a FED.R.CRIM.P. 29 motion at trial, constitutional due process ensures that a defendant cannot be convicted except by proof beyond a reasonable doubt of each element of the crime charged. In re Winship, 397 U.S. at 361-362. As was previously noted, in determining the sufficiency of the evidence, this court must not weigh the evidence, consider the credibility of witnesses, nor substitute its judgment for that of the jury. Morelock v. NCR Corp., 586 F.2d at 1104-1105. We must view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. at 319; United States v. White, 932 F.2d at 589.
 
 
 17
 21 U.S.C. § 859(a), [the former 21 U.S.C. § 845], provides:
 
 
 18
 Except as provided in section 860 of this title, any person at least eighteen years of age who violates section 841(a)(1) of this title by distributing a controlled substance to a person under twenty-one years of age is (except as provided in subsection (b) of this section) subject to (1) twice the maximum punishment authorized by section 841(b) of this title, and (2) at least twice any term of supervised release authorized by section 841(b) of this title, for a first offense involving the same controlled substance and schedule.
 
 
 19
 The uncontroverted court certified documentary evidence presented at trial indicated that defendant was born in April, 1965 (making him 28 years old in 1988 and 29 years old in 1989). The testamentary evidence showed that through his drug network, the defendant distributed cocaine to at least one minor under the age of eighteen, Edgar Pace. Court certified driving records and witness testimony established that Pace was born February 22, 1972, making him sixteen years old in 1988 and seventeen years old in 1989. Thus, the evidence is sufficient to support defendant's 21 U.S.C. § 859 conviction.
 
 
 20
 This assigned error fails.
 
 III.
 
 21
 Defendant Piner charges that the district court gave the jury an erroneous instruction on the word "employ" as used in the 21 U.S.C. § 861(a)(1) prohibition against employing a person under the age of 18 to distribute a controlled substance. Defendant complains that the court's jury instruction defining the word "employ" was overbroad and erroneous because it failed to include the element of "hire." The defendant also challenges the sufficiency of the evidence that he employed a minor under the age of eighteen, arguing that the government's testimonial evidence was unreliable and unfounded. The government charges that the district court gave a clear and proper instruction to the jury and, in any event, notes that defendant cites no authority for his position.
 
 
 22
 21 U.S.C. § 861(a) makes it unlawful "... for any person at least eighteen years of age to knowingly and intentionally--
 
 
 23
 (1) employ, hire, use, persuade, induce, entice, or coerce, a person under eighteen years of age to violate any provision ..."
 
 
 24
 At the close of the trial, the court instructed the jury as to what crime the defendant was charged with committing:
 
 
 25
 Count IV, is commonly referred to as employing persons under age 18 to distribute controlled substances. That from approximately December, 1988 to September, 1989, in the Eastern District of Michigan, Antoinne Piner, defendant herein, being at least 18 years of age, did knowingly and intentionally employ persons under the age of 18 to distribute crack cocaine, cocaine, and heroin, in violation of Title 21, United States Code, Section § 845(b)(a)(1).
 
 
 26
 Joint Appendix pp. 489-490.
 
 The court later elaborated thusly:
 
 27
 First, that on or about the time frame referred to in Count IV of the indictment, defendant was at least 18 years of age. Second, that during this time frame the defendant employed a person under age 18 to distribute a controlled substance. And third, that the defendant knowingly employed that person to distribute a controlled substance.
 
 
 28
 The government is not required to prove that the defendant knew at the time of the offense that the person was under 18, only that the person was in fact under 18.
 
 
 29
 Joint Appendix, pp. 493-494.
 
 
 30
 During jury deliberations and in response to a question from the jury, the court in the instant case instructed the jury thusly regarding the definition of "employ" as used in 21 U.S.C. § 861(a)(1):
 
 
 31
 Employ is not a term of art. It is to be used in its normal everyday meaning. That is, employ means to make use of, or to use or engage the services of. Employ means to make use of, or to use or engage the services of.
 
 
 32
 Joint Appendix p. 503.
 
 
 33
 The defendant charges that the foregoing instruction is erroneous because it does not include the element of "hire."
 
 
 34
 An appellate court must review jury instructions as a whole in order to determine whether they adequately inform the jury of the relevant considerations and provide a sound basis in law to aid the jury in reaching its decision. Black v. Ryder/P.I.E. Nationwide, Inc., 970 F.2d 1461, 1469 (6th Cir.1992); Kitchen v. Chippewa Valley Schools, 825 F.2d 1004, 1010-1011 (6th Cir.1987). A reviewing court may reverse a judgment if the instructions, viewed as a whole, were confusing, misleading and prejudicial. Black v. Ryder/P.I.E. Nationwide, Inc., 970 F.2d at 1469; Beard v. Norwegian Caribbean Lines, 900 F.2d 71, 72-73 (6th Cir.1990); Kitchen, 825 F.2d at 1011.
 
 
 35
 WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY (1987), defines "employ" as follows: "(1)(a) to make use of (someone or something inactive); (b) to provide with a job that pays wages or a salary; (2) to devote or to direct toward a particular activity or person."
 
 
 36
 Reviewing the district court's instruction in its entirety, this court should find the district court "adequately informed the jury of the relevant considerations" in determining if defendant employed a minor in his drug distribution operation. See Lack v. Ryder/P.I.E. Nationwide, Inc., 970 F.2d at 1469; Kitchen v. Chippewa Valley Schools, 825 F.2d 1004, 1010-1011 (6th Cir.1987). This is so because the concept of "hiring" is inherent in the court's definitional phrase "to engage the services of," and is a common, everyday usage of the word "employ."
 
 
 37
 Regarding defendant's challenge to the sufficiency of the evidence sustaining his conviction of a 21 U.S.C. § 861(a)(1) violation, as was previously set forth, constitutional due process ensures that a defendant cannot be convicted except by proof beyond a reasonable doubt of each element of the crime charged. In re Winship, 397 U.S. at 361-362.
 
 
 38
 In reviewing the evidence in the light most favorable to the prosecution, we find that the testimonial and documentary evidence illustrate that seventeen year old Edgar Pace was employed by defendant to assist in the management of various drug houses, to coordinate participants in the conspiracy and to make daily deliveries of crack, cocaine and heroin to the various drug houses in the defendant's scheme. Defendant paid Pace for his services in drugs and cash. The ages, as discussed in the preceding assignment of error, were established by court certified documentation. Thus, the evidence established each element of the crime charged beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. at 319; United States v. White, 932 F.2d at 589.
 
 
 39
 This assignment of error is not well taken.
 
 IV.
 
 40
 Defendant contends that the district court violated his Sixth Amendment right to a speedy trial by trying him 144 days after his arraignment and by improperly deeming excusable a delay caused by the prosecutor's participation in another trial. The government argues that the delay was reasonable and explainable, but that, in any event, defendant waived a speedy trial challenge by not raising the issue in the trial court. The defendant's failure to move for dismissal on this issue prior to trial constitutes a waiver. 18 U.S.C. § 3162(a)(2); United States v. White, 985 F.2d 271, 275 (6th Cir.1993).
 
 
 41
 Waiver aside, this court is compelled to note that defense counsel encouraged delays in the trial process with promises to the district court that defendant would sign an express waiver of his speedy trial right. Counsel, however, never followed through with the promise. This court, absent the implicit waiver, would be troubled by permitting defendant, on appeal, to take advantage of trial counsel's delay of the trial process with the use of bad faith promises to provide an explicit written waiver of defendant's speedy trial rights.
 
 
 42
 In any case, we will not address the merits of this issue, which defendant implicitly waived by his failure to move the district court for dismissal based upon a purported violation of his right to a speedy trial. United States v. White, 985 F.2d at 275.
 
 V.
 
 43
 Defendant Piner complains that government counsel violated his constitutional due process rights by knowingly permitting witnesses to testify falsely. Defendant specifically claims prosecution witness George Hale testified contrarily in co-defendants' trials regarding the location of a gun in the crack house. The government challenges the defendant's failure to raise this issue in the trial court, and also contends there was no intentional falsehood presented which would be considered perjury.
 
 
 44
 Defendant correctly notes that plaintiff did not raise this issue at trial and, thus, with no evidence of a miscarriage of justice, has waived any error. United States v. Young, 470 U.S. 1, 15 (1985); United States v. Wuliger, 981 F.2d 1497, 1501 (7th Cir.1992); United States v. Pickett, 941 F.2d 411, 415 (6th Cir.1991). To establish a denial of due process, defendant must show the prosecution knowingly made a material statement that was actually false. United States v. Lochmondy, 890 F.2d 817, 822 (6th Cir.1989). The record in the instant case contains no evidence of materially false testimony by any of the witnesses who testified at trial. The various witnesses' testimony corroborate each other, and the physical evidence supports the veracity of the witnesses. Mere inconsistencies in testimony do not suffice to meet defendant's burden of proving the knowing use of false testimony. United States v. Lochmondy, 890 F.2d at 822. In addition, even if plaintiff's assertion that Hale's testimonial evidence concerning the location of a gun in a crack house is false, the evidence is not material because other evidence of the existence of a gun within the context of the Piner conspiracy is evidence enough to implicate the defendant.
 
 
 45
 This assigned error is meritless.
 
 VI.
 
 46
 Defendant Harris charges that the court's findings of fact concerning the amount of cocaine base he sold were clearly erroneous, that the court's calculation of the amount of cocaine based was based on unreliable evidence and that the government did not establish the amount of cocaine base involved by a preponderance of evidence. The government claims the court did not calculate the drug quantity in the manner described by defendant and, further, that the preponderance of evidence in the record supports the quantity of drugs determined by the court to be attributable to the conspiracy, as calculated by the district court.
 
 
 47
 An appellate court must review a district court's factual findings for clear error and the district court's legal conclusions de novo. United States v. Garner, 940 F.2d 172, 174 (6th Cir.1991); United States v. Alvarez, 927 F.2d 300, 303 (6th Cir.1991), cert. denied, 111 S.Ct. 2246 (1991). A district court's factual findings are not clearly erroneous unless it appears that a mistake was made. Anderson v. Bessemer, 470 U.S. 564, 573 (1985). U.S.S.G. § 2D1.4 permits a court to approximate the amount of drugs involved in a conspiracy. United States v. Walton, 908 F.2d 1289, 1301-1302 (6th Cir.1990), cert. denied, 111 S.Ct. 273, 111 S.Ct. 530, 11 S.Ct. 532 (1990. Findings of fact concerning sentencing offense levels or criminal history categories must be demonstrated by a preponderance of the evidence. United States v. Walton, 908 F.2d at 1301. Where the court has a number of plausible approximations of quantities involved in a drug conspiracy, the court may hold a defendant responsible for a specific quantity of drugs where it concludes that "... the defendant is more likely than not actually responsible for a quantity greater than or equal to the quantity for which the defendant is being held responsible." United States v. Walton, 908 F.2d at 1302. A preponderance of the evidence must support any estimate made by the court. United States v. Wilson, 954 F.2d 374, 377 (6th Cir.1992); United States v. Walton, 908 F.2d at 1302. When choosing among equally plausible estimates, the court should "err on the side of caution." United States v. Walton, 908 F.2d at 1302.
 
 
 48
 The record contains various figures representing the quantities of drugs attributable to each defendant during the years of the conspiracy. The numbers were derived from the testimony of witnesses and co-defendants at hearings, as well as from police reports concerning confiscated drugs. At the hearings, each defendant had the opportunity, pursuant to FED.R.CRIM.P. 32(c)(3)(A), to present evidence refuting the quantifications presented by government counsel and set forth in the presentence report. The total quantities of drugs attributable to the nineteen defendants were tremendous. Based upon the various accounts of defendant's activities within the conspiracy, and the amounts of drugs attributed to the conspiracy, the district court ultimately attributed over 500 grams of crack cocaine to defendant Harris. The court determined this amount by calculating that one to two kilograms of cocaine were distributed by the crack house during the month in which Harris was employed there. As Harris worked as a doorman there for approximately ten to fourteen days, the court attributed approximately 500 grams of the one to two kilograms to defendant Harris for the period. This factual finding is supported by evidence in the record and appears conservative in light of the duration and size of the conspiracy, and the volume of drug transactions associated with this and the various other crack houses involved. There is nothing in the record to suggest the court clearly erred in its assessment.
 
 
 49
 This assigned error fails.
 
 VII.
 
 50
 Defendant Harris avers that the district court plainly erred by admitting evidence of the drug conspiracy which occurred subsequent to defendant Harris's purported withdrawal from the conspiracy. The government contends the court did not plainly err because defendant never withdrew from the conspiracy and, even if he had, admitting evidence of wrongs committed after withdrawal would be harmless error in light of the overwhelming pre-withdrawal evidence of guilt.
 
 
 51
 Because defendant did not raise this defense in the trial court, we shall review it for plain error. United States v. Young, 470 U.S. at 15; United States v. Wuliger, 981 F.2d at 1501; United States v. Slone, 833 F.2d 595, 598 (6th Cir.1987). Such error must be obvious and prejudicial. United States v. Slone, 833 F.2d at 598.
 
 
 52
 To prove a defendant conspired in the drug crimes, the government may use circumstantial evidence of defendant's presence and association with the conspirators, as well as circumstantial evidence of defendant's knowledge of the object of the conspiracy, to demonstrate defendant was party to an agreement to cultivate and possess with intent to distribute a controlled substance. United States v. Barrett, 933 F.2d 355, 359 (6th Cir.1991); United States v. Sanchez, 928 F.2d 1450, 1457 (6th Cir.1991); United States v. Ayala, 887 F.2d 62, 67 (5th Cir.1989); United States v. Christian, 786 F.2d 203, 211 (6th Cir.1986). " 'The connection of the defendant to the conspiracy need only be slight, if there is sufficient evidence to establish that connection beyond a reasonable doubt.' " United States v. Barrett, 933 F.2d at 359, quoting United States v. Christian, 786 F.2d at 211. See also United States v. Hodges, 935 F.2d 766, 772-773 (6th Cir.1991), cert. denied, 112 S.Ct. 251, 112 S.Ct. 317.
 
 
 53
 To demonstrate a withdrawal from a conspiracy, defendant must prove "... he acted affirmatively to defeat or disavow the purpose of the conspiracy." United States v. Edgecomb, 910 F.2d 1309, 1312 (6th Cir.1991), quoting United States v. Nicoll, 664 F.2d 1308, 1315 n. 6 (5th Cir.1982), cert. denied, 457 U.S. 1118 (1982), overruled on other grds, United States v. Henry, 749 F.2d 203, 205 (5th Cir.1984). Defendant's only proof of withdrawal consisted of his claim that he left the crack house, after ten to fourteen days on the job, on the pretext that he needed to visit a sick grandmother. Defendant argues that his request for all of his belongings, coupled with his sick grandmother story, was as much of a renouncement of the drug conspiracy as he could manage without the risk of serious harm. We find, however, that this hardly serves to "disavow the purpose of the conspiracy," especially in light of the more than slight evidence that defendant voluntarily acted as doorman and look out at one of the crack houses involved in this conspiracy during a leave from military service.
 
 
 54
 This assignment of error is not well taken.
 
 VIII.
 
 55
 Defendant Harris, in his brief on appeal, charged his trial counsel rendered ineffective assistance at trial by failing to raise the affirmative defense of withdrawal from conspiracy. On March 5, 1993, defendant moved this court to withdraw his ineffective assistance of counsel claim in order to preserve it for post conviction relief. This court granted: "[m]otion of appellant to withdraw ineffective assistance of counsel claim during oral argument if appropriate." Because counsel for defendant Harris withdrew the claim at oral argument, it will not be considered by this court.
 
 
 56
 The judgment of the district court is hereby AFFIRMED.
 
 
 57
 BATCHELDER, Circuit Judge, concurring.
 
 
 58
 While I concur in the results of this opinion, and in the reasoning of Parts III through VIII, I disagree with the standard of review applied by the majority in Parts I and II, both of which deal with claims of insufficiency of the evidence. Neither of these claims of error was preserved for appeal by motion for acquittal or otherwise, and therefore, I believe that this court is bound to apply the standard set forth in United States v. Swidan, 888 F.2d 1076 (6th Cir.1989):
 
 
 59
 However, the standard of review is different where the defendant fails to preserve his right to challenge the sufficiency of the evidence. This court has held, "Absent a manifest miscarriage of justice, we are unable to review the district court's denial of a Rule 29 Motion where the defendant did not renew that Motion at the close of all the evidence." In this case, defense counsel did not make a Rule 29 Motion at any time. Thus, absent a "manifest miscarriage of justice," defendant has forfeited his right to challenge the sufficiency of the evidence.
 
 
 60
 Id. at 1080 (citations omitted.) See also United States v. Cox, 957 F.2d 264, 265 (6th Cir.1992).
 
 
 61
 The majority has applied instead the standard of Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781 (1979), and while I agree that even under that standard, this defendant cannot demonstrate that the evidence was insufficient in either respect claimed, I cannot concur in the reasoning of this opinion, which would appear to require the Jackson level of review regardless of the defendant's failure to preserve his sufficiency of the evidence claims for appeal.